JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10297 PA (VBKx) | Date | December 27, 2012 |
|---|---|---|---|
| Title | Kyle Brown v. DePuy Mitek, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS – COURT ORDER

    Before the Court is a Notice of Removal filed by defendants DePuy Mitek, LLC, DePuy Orthopaedics, Inc., Johnson & Johnson, and Shane Pierce ("Defendants") on December 3, 2012. [Docket No. 1.] Defendants assert that this Court has jurisdiction over the action brought against it by plaintiff Kyle Brown ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332. Plaintiff's Complaint alleges a number of state law causes action against Defendants, including claims based on strict products liability and negligence, for injuries arising from a medical device implant he received. Defendants manufacture and distribute the medical device at issue in this litigation.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

**A.**    **Diversity of Citizenship**

    In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10297 PA (VBKx) | Date | December 27, 2012 |
|---|---|---|---|
| Title | Kyle Brown v. DePuy Mitek, LLC, et al. | | |

necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

The Notice of Removal states that "[D]efendants assume that Plaintiff is a citizen of California based on his allegation that he is a resident of California, and based on hsi filing of his Complaint in California state court." (Notice of Removal at 2-3 (citing Complaint at ¶ 1).) However, Plaintiff's Complaint only alleges his residence. Defendants' allegations of Plaintiff's citizenship, based on an allegation of residence, are insufficient to establish Plaintiff's citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Defendants' allegations are insufficient to invoke this Court's diversity jurisdiction.

**B.      Fraudulent Joinder**

Defendants also argue that removal is proper because defendant Shane Pierce, a California citizen, was fraudulently joined. The Court disagrees.

If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity and the propriety of removal. See, e.g., Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against that defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, 1996 U.S. Dist. LEXIS 18689, at *3 (N.D. Cal. Dec. 9, 1996). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10297 PA (VBKx) | Date | December 27, 2012 |
|---|---|---|---|
| Title | Kyle Brown v. DePuy Mitek, LLC, et al. | | |

cure [the] purported deficiency." Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (citation omitted).

Under California law, strict products liability "extends to nonmanufacturing parties outside the vertical chain of distribution of a product, which play an integral role in the 'producing and marketing enterprise' of a defective product and who profit from placing the product into the stream of commerce." Bay Summit Cmty. Ass'n v. Shell Oil Co., 51 Cal. App. 4th 762, 773, 59 Cal. Rptr. 2d 322 (1996) (quoting Kasel v. Remington Arms Co., 24 Cal. App. 3d 711, 724, 101 Cal. Rptr. 314 (1972)). "In applying this stream of commerce theory, the courts have eschewed legal labels and have taken a very practical approach, focusing on the actual connection between the defendant's activities and the defective product." Bay Summit, 51 Cal. App. 4th at 774.

Specifically, California courts have held a defendant involved in the marketing/distribution process "strictly liable if three factors are present: (1) the defendant received a direct financial benefit from its activities and from the sale of the product; (2) the defendant's role was integral to the business enterprise such that the defendant's conduct was a necessary factor in bringing the product to the initial consumer market; and (3) the defendant had control over, or a substantial ability to influence, the manufacturing or distribution process." Id. at 776.

Here, defendant Shane Pierce is a sales representative for Mountain West Medical, a company that distributes medical products for DePuy Mitek, LLC in California. (Declaration of Shane Pierce, ¶ 2.) Plaintiff is alleged to have sold "the defective device to Plaintiff's surgeon[.]" (Compl. ¶ 20.) Plaintiff also alleges that defendant Shane Pierce was "responsible for selling the defective suture devices and advising [Plaintiff's surgeon] as to surgical techniques regarding implant fixation of said products in Plaintiff[.]" (Id.) Shane Pierce does not deny that he did in fact play a role in the marketing and distribution of the medical devises at issue in this litigation. (See Pierce Decl. ¶¶ 7, 8, 10.)

Based on the allegations in the Complaint and the Pierce Declaration, the Court cannot say that Plaintiff's claims against defendant Shane Pierce fail as a matter of law. Further factual development ultimately may or may not support a finding that defendant Shane Pierce did not play an integral role in the "producing and marketing enterprise" of the allegedly defective device. However, the Complaint's allegations are enough, at this stage of the proceedings, to state a claim against defendant Shane Pierce under that theory. Accordingly, the Court finds that defendant Shane Pierce is properly joined in this action.

Defendants argue that, in any event, Plaintiff's claims premised are preempted pursuant to PLIVA, Inc. v. Mensing, 131 S. Ct. 2567, 180 L. Ed. 2d 580 (2011). In Mensing, the U.S. Supreme Court held that because generic manufacturers of pharmaceuticals approved by the Food and Drug Administration ("FDA") have no power to effectuate unilaterally a label change – being instead required by law to use the same label and warnings as those approved by the FDA with respect to the brand-name

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10297 PA (VBKx) | Date | December 27, 2012 |
|---|---|---|---|
| Title | Kyle Brown v. DePuy Mitek, LLC, et al. | | |

version of the drug – the plaintiffs' state law claims premised on a failure to warn theory were preempted. Defendant seeks to extend the holding of Mensing well beyond generic manufacturers of pharmaceuticals, to designers of medical products who allegedly played an integral role in the marketing of the product. Defendant has cited no case law making such a leap, and the Court has found none. Thus, Plaintiff's claims are not preempted pursuant to Mensing.

## Conclusion

Therefore, Defendants have failed to meet their burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to the County of Los Angeles Superior Court, Case No. BC494993. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.